United States District Court
Southern District of New York

| | |
|---|---|
| W.W. o/b/o D.W., <br>     *Plaintiff*, <br>  -against- <br><br> NEW YORK CITY DEPARTMENT OF EDUCATION, <br><br>     *Defendant*. | Civil No.: 1:15-cv-10152 <br><br> **Complaint** |

### I. INTRODUCTION, JURISDICTION, AND VENUE

**1.** This is an action to recover attorneys' fees and costs on behalf of the plaintiff, a grandparent and legal guardian of a student with disabilities who prevailed in administrative proceedings under the amended Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*.

**2.** Both the grandparent and student are identified by initials in the caption of this action to preserve their confidentiality in accordance with the privacy provisions of the IDEA, 20 U.S.C. § 1417(c), and the Family Educational and Privacy Rights Act, 20 U.S.C. § 1232g.

**3.** This court has jurisdiction over the plaintiff's claims pursuant to 20 U.S.C. § 1415(i)(3)(A) and (B), as an action for an award of reasonable attorney's fees to prevailing parties in administrative proceedings under the IDEA; and under 28 U.S.C. § 1331 as an action raising a federal question.

**4.** Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (c)(2).

## II. PARTIES

5.  Defendant New York City Department of Education ("DOE") is a corporate body created by Article 52 of the New York State Education Law that manages and controls the educational affairs of the New York City public schools, and has its principal administrative offices at 52 Chambers Street, New York, New York.

6.  The plaintiff is the grandparent and legal guardian of the identified student, who was a student with disabilities at all times relevant to this complaint. Both the plaintiff and student resided in New York City at all times relevant to this complaint.

## III. THE IDEA

7.  The IDEA is a Spending Clause law that seeks to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living." 20 U.S.C. § 1400(d)(1)(A).

8.  The United States Department of Education has promulgated regulations implementing the IDEA, which are currently found at 34 C.F.R. § 300.1 *et seq*.

9.  New York State implements the IDEA through Article 89 of the New York Education Law and through New York State regulations.

10. Under the IDEA, a free appropriate public education ("FAPE") is defined as special education and related services provided in conformity with the requirements of the IDEA. 20 U.S.C. § 1401(9).

11. Participating states, through their local educational agencies, must make a FAPE available to all children with disabilities residing in the state.

**12.** As the local educational agency of New York City, defendant DOE was at all relevant times responsible for providing a FAPE to the student under the IDEA.

**13.** The IDEA and its state-law counterparts provide procedural safeguards to enable parents (a term that includes legal guardians, *see* 20 U.S.C. § 1401(23)(B)) and students to challenge the local educational agency's decisions. These safeguards include the right to file a complaint—referred to as a "due process complaint"—requesting a hearing "with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a [FAPE] to such child." 20 U.S.C. § 1415(b)(6)(A).

**14.** Due process complaints are resolved through administrative "impartial hearings." *See, e.g.*, 34 C.F.R. §§ 300.511–12. In New York, impartial hearings are presided over by an Impartial Hearing Officer, who acts as the "judge" in the case. *See* N.Y. Comp. Codes R. & Regs. tit. 8, §§ 200.1(x), 200.5(j)(3).

**15.** The decision of a Hearing Officer is final, but is subject to appeal. *See* 34 C.F.R. § 300.514. In New York, which is a "two-tier" state, initial appeals of a Hearing Officer's decision are made to a State Review Officer, *see* N.Y. Comp. Codes R. & Regs. tit. 8, § 200.5(k), after which further review can be sought in either state court or federal district court, *see* 20 U.S.C. § 1415(i)(2).

**16.** The IDEA authorizes awards of reasonable attorneys' fees to a prevailing party who is the parent of a child with a disability based on the "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)(i)(I), (3)(C). Claims for these fees are brought in federal district court. 20 U.S.C. § 1415(i)(3)(A).

## IV. FACTUAL BACKGROUND

17. In 2010, the plaintiff, along with his wife (now deceased), retained the law firm of Friedman & Moses, LLP ("F&M"), for the purpose of challenging the DOE's denial of a FAPE to the student.

18. F&M's offices were and are located in Manhattan.

19. In September 2010, through attorneys at F&M, the plaintiff filed a due process complaint against the DOE pursuant to the IDEA, New York State Law, and Section 504 of the Rehabilitation Act. The plaintiff later amended his complaint. Among other things, the plaintiff disagreed with the evaluations, individualized education programs, and placements that were provided by the DOE, alleging a multi-year denial of a FAPE and seeking extensive relief.

20. Impartial Hearing Officer Eric Nachman was initially assigned to the matter.

21. On October 1, 2011, F&M attorney Charles Scholl, one of the F&M lawyers working on the plaintiff's case, departed F&M and joined the offices of Partnership for Children's Rights ("PFCR").

22. On October 6, 2011, the plaintiff retained PFCR as co-counsel with F&M for the pending case. PFCR was designated as lead counsel.

23. PFCR is a charitable, not-for-profit organization authorized by the Appellate Division of the Supreme Court of the State of New York to provide legal services without fee to low-income families in civil legal matters involving the rights of children. Its offices were and are located in Manhattan.

24. The plaintiff agreed that F&M and PFCR could seek attorneys' fees from the DOE if he prevailed.

25. The impartial hearing, which was originally scheduled for January 2011, was repeatedly adjourned due to the illness of Impartial Hearing Officer Nachman. Sadly, in May 2011, Impartial Hearing Officer Nachman died. He was replaced by Impartial Hearing Officer Judith Schneider.

26. The impartial hearing commenced on July 15, 2011 and was held over nineteen non-consecutive hearing dates in 2011 and 2012.

27. The plaintiff sought, and was awarded, independent educational evaluations via an interim decision of Impartial Hearing Officer Schneider

28. The parties also engaged in written motions practice.

29. Written closing statements were submitted by the parties in October 2012.

30. Impartial Hearing Officer Schneider issued her decision on January 3, 2013 (the decision would twice be corrected, on February 1 and on February 14 of 2013). She found in favor of the plaintiff, concluding, among other things, that there was a "gross violation of the IDEA for a substantial period of time." She awarded substantial relief to the plaintiff and student, such as by extending the student's eligibility for services under the IDEA for two years past the age of entitlement and awarding hundreds of hours of compensatory services.

31. The DOE did not appeal or otherwise challenge Impartial Hearing Officer Schneider's decision.

### COUNT 1 – ATTORNEYS' FEES

32. As set forth in the paragraphs above, the plaintiff was a prevailing party at an impartial hearing and as such is entitled to reasonable attorneys' fees and costs under the IDEA, 20 U.S.C. §1415(i)(3)(B).

33. The plaintiff's retainer agreement with F&M declined to charge fees up front, assigned the plaintiff's right to collect attorneys' fees and costs to the firm, and further assigned the right to pursue fee applications both informally and in court. The retainer agreement also provided that F&M is subrogated to any rights that the plaintiff may have to statutory attorneys' fees or costs payable by the DOE under the IDEA.

34. The plaintiff's retainer agreements with PFCR provided that the organization will not charge the plaintiff attorneys' fees or costs for its services, but that PFCR may ask a court to order the DOE to pay reasonable fees and costs, and if awarded, PFCR will keep them. The retainer agreement further provided that PFCR is subrogated to any rights that the plaintiff may have to statutory attorneys' fees or costs payable by the DOE under the IDEA.

35. F&M and PFCR agreed that, should the plaintiff become eligible for an award of attorneys' fees, any award would be divided between the firms on a pro rata basis.

36. The hourly rates charged by PFCR were specified in PFCR's written fee policy, which accounts for an attorney's years of legal practice and hourly rates prevailing in the community in which the action arose for the kind and quality of services furnished, in accordance with the IDEA, 20 U.S.C. § 1415(i)(3)(C).

37. The hourly rates charged by F&M were specified in F&M's retainer with the plaintiff and also account for an attorney's years of legal practice and hourly rates prevailing in the community in which the action arose for the kind and quality of services furnished, in accordance with the IDEA, 20 U.S.C. § 1415(i)(3)(C).

38. The hours expended by the attorneys and non-attorney representatives in connection with this case were reasonable in relation to the services required and performed.

39. Hours were contemporaneously recorded and are an accurate reflection of the time expended on the case.

40. The fees requested were based on prevailing hourly rates in the community for similar services provided by attorneys with comparable professional experience.

41. The total amount of attorneys' fees, in accordance with the above, was calculated to be $71,721.00.

WHEREFORE, the plaintiff prays that this Court:

1. Assume jurisdiction over this action;

2. Award PFCR and F&M reasonable attorney's fees and costs in the sum of $71,721.00, plus prejudgment interest at the legal rate, together with such additional sums as this Court may award in connection with PFCR's post-hearing efforts to recover the demanded fees and costs, including reasonable attorney's fees and costs incurred in maintaining this federal court action; and

3. Award such other and further relief as may be just and proper.

Dated:  December 30, 2015
        New York, New York

                                      s/ David L. Goodwin
                                      David L. Goodwin, Esq.
                                      PARTNERSHIP FOR CHILDREN'S RIGHTS
                                      Attorney for Plaintiff
                                      271 Madison Avenue, 17th Floor
                                      New York, NY 10016
                                      (212) 683-7999 ext. 228
                                      Fax: (212) 683-5544
                                      dgoodwin@pfcr.org